# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re: ) | |
| ) | |
| TRASCEY L. JENNINGS, ) | Bankruptcy Case No. 10-42135  EEB |
| ) | Chapter 7 |
| Debtor. ) | |
| _____ ) | |
| ) | |
| TRASCEY L. JENNINGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary Proceeding No. 11-1143 EEB |
| ) | |
| SALLIE MAE, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT**

THIS MATTER comes before the Court on Plaintiff/Debtor's Motion for Default Judgment. The Court, being advised in the premises FINDS and CONCLUDES as follows.

The allegations of the Complaint are legally insufficient to meet the test for discharge of a HEAL loan. The Complaint alleges undue hardship. However, in order for a HEAL loan to be discharged, the Plaintiff bears the burden of demonstrating that under the totality of the circumstances, it would be "unconscionable" to deny the discharge. *In re Woody*, 494 F.3d 939 (10th Cir. 2007). The Tenth Circuit defines "unconscionable" as that which is excessive, exorbitant, outside the limits of what is reasonable or acceptable, shockingly unfair, harsh, unjust, or outrageous. This test is to be applied on a case-by-case basis and no one factor is determinative. *Id.* Among the factors which a court may consider in determining unconscionability are: (1) the debtor's income, earning ability, health, educational background, dependants, age, accumulated wealth and professional degree; (2) the debtor's claimed expenses and standard of living with a view toward ascertaining whether the debtor has attempted to minimize expenses of herself and her dependents; (3) whether the debtor's current situation is likely to continue or improve, including attempts to maximize income by seeking or obtaining stable employment commensurate with educational background and ability and whether the debtor is capable of supplementing her income through secondary, part time or seasonal employment; (4) whether dependents are, or could be, contributing to their own support; (5) the amount of the HEAL debt and the rate at which interest accrues; and (6) the debtor's "good faith" - for example, her role in allowing the debt to accrue including efforts to repay, financial situation over the course of time payments were due, voluntary undertertaking of additional financial burdens despite knowledge of the outstanding HEAL debt, and percentage of total

indebtedness represented by student loans.

  A review of the Debtor's Complaint demonstrates that it is largely devoid of allegations on which the Court could base a determination that it would unconscionable not to discharge her HEAL loan. The Debtor's income, earning ability, background, dependents, age and professional degree are not addressed, although the letter attached to the Complaint indicates she is a doctor. Nor does the Complaint address Debtor's claimed expenses and standard of living with a view towards demonstrating she has attempted to minimize her household expenses. The Court cannot determine whether the Debtor has any dependents and, if so, whether they are or could be contributing to their own support. While the Complaint does list the approximate balance of the HEAL debt, the interest rate is not alleged, nor is the Debtor's good faith, although the attached report could lead to a conclusion that at least some portion of the debt that led to this bankruptcy filing was medical debt for which benefits were improperly denied. In fact, the only element that is satisfied by the Complaint is the Debtor's current situation and ability to obtain stable employment or supplement her income. The Complaint alleges that the Debtor has been totally disabled since her unspecified 1997 injury and her only income is her Federal Workers Comp benefits of approximately $3,300/month. It is therefore

  ORDERED that the Plaintiff/Debtor's Motion for Default Judgment is DENIED. Plaintiff may amend her Complaint **on or before August 25, 2011**, failing which this adversary proceeding will be dismissed.

  DATED: August 4, 2011.

            BY THE COURT:

            *Elizabeth E. Brown*
            Elizabeth E. Brown,
            United States Bankruptcy Judge